UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE ASSOCIATION OF POTTERY CRAFTSMEN OF SPAIN (USA), LLC d/b/a I.C.C. – A.P.C.S., USA, LLC, and CERAMICA COMINO S.C., <br><br> Plaintiffs, <br><br> v. <br><br> ROCKY MOUNTAIN SALES and QUALITY PRODUCTS & SUPPLY, INC., <br><br> Defendants. | Civil Action No. 08-5400 (JAP) <br><br> **OPINION** |

PISANO, District Judge.

Plaintiffs The Association of Pottery Craftsmen of Spain (USA) and Ceramica Comino have brought this action against Defendants Rocky Mountain Sales and Quality Products & Supply for trademark infringement of rasp tapas plates. Plaintiffs allege violations of the United States Copyright Act and the Lanham Act. This Court has original jurisdiction to hear this dispute pursuant to 28 U.S.C. § 1331.

Presently before the Court is Defendant Rocky Mountain Sales' motion to dismiss. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth herein, the Court grants Defendant Rocky Mountain Sales' motion to dismiss.

I. **Background**

The Association of Pottery Craftsmen of La Rambla ("the Association") is a trade association representing craftsmen, artisans and ceramic factories in La Rambla, Spain. First Am. Compl., ¶ 1. The Association's members are well known for producing 12.5 centimeter

1

plates known as tapas "rasp" plates.  *Id*. ¶ 18.  The Association founded The Association of Pottery Craftsmen of Spain (USA) which is a New Jersey limited liability company who owns the intellectual property rights of the Association.  *Id*. ¶ 3, 5.   Plaintiff Ceramico Comino, S.C. is a factory in La Rambla which designs original, distinctive pottery and ceramics and is a member of the Association.  *Id*. ¶ 2.  Ceramico Comino produces the unique Tableware pattern and design called Blue Flower which is registered with the Association.  *Id*. ¶ 25.  Defendant Quality Products & Supply, Inc. imports, wholesales, distributes and supplies tapas plates produced in China and Spain directly to end user customers in the United States.  *Id*. ¶ 38.  Defendant Rocky Mountain Sales purchases such products from Quality Products & Supply for retail.  *Id*. ¶ 40.

On November 3, 2008, the Association (USA) filed a complaint against Defendants alleging that Defendants were selling tapas plates that were copies of a Ceramico Comino's design.  On December 30, 2008, the Association (USA) filed an Amended Complaint adding Ceramico Comino as co-Plaintiff.  Plaintiffs allege violations of the United States Copyright Act along with the Lanham Act for unfair competition.

II.    **Discussion**

   a.    **Motion to Dismiss Standard of Review**

"[C]ourts reviewing a motion to dismiss a case for lack of in personam jurisdiction must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff."  *Carteret Sav. Bank, F.A. v. Shushan,* 954 F.2d 141, 142 n.1 (3d Cir. 1992).  "[O]nce the defendant raises the question of personal jurisdiction," however, "the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction."  *Id*. at 146.

"A federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 436 (3d Cir. 1987).  The New Jersey long-arm rule, New Jersey Court Rule 4:4-4(c), "extends to the limits of the Fourteenth Amendment Due Process [Clause] protection." *Carteret*, 954 F.2d at 145.  In accordance with that protection, a court may exercise personal jurisdiction over a nonresident defendant if that defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (internal quotation marks omitted).

Whether sufficient minimum contacts exist to assert personal jurisdiction depends upon "the nature of the interactions and type of jurisdiction asserted." *Telcordia Tech Inc. v. Telkom SA Ltd.,* 458 F.3d 172, 177 (3d Cir. 2006).  For instance, where the cause of action "does not arise out of or relate to the [defendant]'s activities in the forum State," but the defendant has "continuous and systematic" contacts with the forum state sufficient to confer personal jurisdiction, a court is said to exercise general jurisdiction over the defendant.  *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414-16, 104 S. Ct. 1868, 80 L. Ed. 2d 404 & n.9 (1984).  On the other hand, a court exercises specific jurisdiction when the defendant has limited contacts with the forum state but the suit against him arises out of or relates to those contacts.  *Id*. at 414 n.8.  Regardless of whether a plaintiff asserts personal jurisdiction under the general or specific jurisdiction theory, a plaintiff must demonstrate that the defendant "has purposefully directed its activities toward the residents of the forum state, or otherwise 'purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'"  *IMO Indus., Inc. v. Kiekert AG,* 155 F.3d 254,

259 (3d Cir. 1998) (quoting *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958)) (internal citation omitted).

      b.  **Analysis**

Plaintiffs have failed to show in their Amended Complaint that this Court has personal jurisdiction over Rocky Mountain Sales either by demonstrating "consistent or systematic" contacts or "minimum contacts" with New Jersey. In fact, Plaintiffs have not alleged any facts that Rocky Mountain Sales has any contacts with New Jersey, aimed any conduct at New Jersey, or purposefully availed itself of the privileges and protections of New Jersey law. Moreover, Rocky Mountain Sales is a Nevada corporation with its place of business in Las Vegas, Nevada. Rock Mountain Sales does not have offices, registered agents, a business address, employees or sale agents located in New Jersey. Further, Plaintiffs have provided no evidence that Rocky Mountain ever sold tapas plates to customers located in New Jersey. Therefore, Plaintiffs have failed to carry the burden of showing that this Court has personal jurisdiction over Rocky Mountain Sales.

In order to overcome these deficiencies in personal jurisdiction, Plaintiffs argue that Defendants Rocky Mountain Sales and Quality Products & Supply acted "in concert" to sell illegal Blue Flower tapas plates at the Seventh Annual New Jersey Flower & Garden Show at the New Jersey Convention Center in Edison New Jersey in February 2009. This "in concert" argument, however, is conclusory and unsupported. The only evidence for such an assertion are three unattributed, unauthenticated and unexplained photographs of tapas plates from the Garden Show that do not link Rocky Mountains Sales to the booth or plates. These bare allegations fail to connect Rocky Mountain Sales to New Jersey in any way in order to confer personal jurisdiction.

III.    **Conclusion**

For the reasons set forth above, the Defendant Rocky Mountain Sales' motion to dismiss is granted for lack of personal jurisdiction.  An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO  
United States District Judge

Date: February 18, 2010